IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES KEITH MCLAURIN**                                                                  **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 2:11CV149-KS-MTP**

**BEN FORD, BRIAN PATTERSON, and**
**ANGIE DIELH**                                                                 **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court *sua sponte*. *Pro se* Plaintiff James Keith McLaurin initiated this Section 1983 action on July 25, 2011. At the time he was a pre-trial detainee at the Covington County Jail.

On November 17, 2011, the Court granted McLaurin pauper status and entered the Order Setting Payment Schedule [6]. Four days later the Court ordered McLaurin to respond regarding his denial of counsel claim. The response was due on December 5. Both Orders [6, 7] were mailed to McLaurin's address of record and were returned as undeliverable on December 5. The first envelope reads, "Return. No longer here." (Dkt. 8 at 1). The second reads, "Return to–Sender [sic]. No longer @ [sic] this facility." (Dkt. 9 at 1). Consequently, the Court entered an Order to Show Cause [10] on December 6. The Court ordered McLaurin to show cause, by December 20, why this case should not be dismissed for failure to prosecute or failure to obey an Order of the Court.

The Order to Show Cause was again sent to McLaurin's address of record. It was returned as undeliverable on December 19, 2011. Again, the envelope reads, "no longer @ [sic] this address." (Dkt. 11 at 1). He has been repeatedly warned that failure to keep the Court

apprised of his address or to respond to a Court order would "be deemed as a purposeful delay and contumacious act by the plaintiff and may result this case being dismissed."  (Dkt. 3 at 2).  *See also* (Dkt. 4 at 1-2).  To date, he has not responded nor otherwise contacted the Court.  It is apparent from McLaurin's failure to respond and communicate with the Court that he has disobeyed Court Orders and lacks any interest in pursuing his claims.

The Court has the authority to dismiss an action for the Plaintiff's failure to prosecute or to comply with a court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.  Since Defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the Court never considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 17th day of January, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE